UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ARIANE ROSE VILLARIN, on behalf of herself
and all others similarly situated,

    Plaintiff,                                           Case No. 1:23-cv-097

        v.                                               Judge Michael R. Barrett

HEALTH CARE FACILITY MANAGEMENT, LLC
d/b/a CommuniCare Family of Companies,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion (Doc. 35) for Leave to Withdraw Her Pending Motion (Doc. 28) for Leave to File a Second Amended Complaint and for Leave to File (in its place) a New Motion for Leave to File a Second Amended Complaint. Defendant has filed a memorandum in opposition (Doc. 37), to which Plaintiff has replied (Doc. 38).  As explained below, Plaintiff's Motion will be GRANTED.

**Background.**  Attorneys Ghassan M. Shihab, Felix Q. Vinluan, and Magen E. Kellam filed this civil action on February 17, 2023 on behalf of Plaintiff Ariane Rose Villarin.  (Doc. 1).  Soon thereafter, Mr. Vinluan and Ms. Kellam moved for, and were granted, permission to appear *pro hac vice*.  (*See* Notation Orders docketed 02/27/2023 & 02/28/2023).  On March 29, 2023, the parties filed a stipulation (pursuant to Fed. R. Civ. P. 15(a)(2)) allowing Plaintiff to amend her Class and Collective Action Complaint by April 4, 2023, with Defendant's responsive pleading due on April 25, 2023.  (*See* Doc. 13).

Defendant timely filed a Motion to Dismiss Plaintiff's Amended Class and Collective Action Complaint.  (*See* Doc. 16).  In response, Plaintiff filed a Motion

1

(Doc. 28) for Leave to File a Second Amended Complaint, which Defendant opposed (Doc. 29). Plaintiff's Motion (Doc. 28) for Leave is currently pending. Counsel did not file a memorandum in opposition to Defendant's Motion to Dismiss Plaintiff's Amended Class and Collective Action Complaint (Doc. 16), which also is currently pending.

On December 22, 2023, Attorneys Patricia Kakalec and Hugh Baran (of Kakalec Law PLLC) moved for, and were granted, permission to appear (on behalf of Plaintiff) *pro hac vice*. (*See* Notation Order docketed 12/27/2023). Attorney Vinluan then filed a Motion to Withdraw as Counsel for Plaintiff (Doc. 34). He explained:

> Plaintiff Ariane Rose Villarin is the named plaintiff who filed this instant case on behalf of herself and all others similarly situated ("class"). **Due to their concerns arising from developments in state-court litigations involving possible members of the Class, trial lawyer Ghassan Shihab and another *pro hac vice* lawyer for the Plaintiff, Magen E. Kellum, informed undersigned counsel that they no longer feel confident nor comfortable working with undersigned counsel and asked him to withdraw himself from the case altogether.** Plaintiff Villarin, upon information and belief, gave her informed consent that undersigned counsel should be substituted by two other New York-based lawyers who have now recently entered their notices of appearance (*see* Doc. Nos. 32 and 33).
>
> Inasmuch as Plaintiff herself and co-counsel have asked for undersigned counsel's withdrawal, undersigned counsel has no choice but to move for his withdrawal as counsel in this matter pursuant to Southern District Local Civil Rule 83.4 (b).

(Id. PAGEID 449) (emphasis added). Noting that it was unopposed, the Court granted Attorney Vinluan's Motion and terminated him as (*pro hac vice*) attorney of record for Plaintiff Ariane Rose Villarin. (Doc. 36). The Court presumes that the "concerns arising from developments in state-court litigations involving possible members of the Class" refer to the set of five cases that the undersigned remanded—at the recommendation of the Magistrate Judge—because the notices of removal were not timely filed. *See, e.g., HealthCare Facility Management LLC d/b/a CommuniCare Family of Companies v. Mary*

*Jhane Engnan*, No. 1:23-cv-00246 (S.D. Ohio Sept. 11, 2023) (Doc. 21).[1] The Court then exercised its discretion to award attorney fees under 28 U.S.C. § 1447(c):

> The Court finds that each of these five Defendants lacked an objectively reasonable basis for seeking removal. They filed no memoranda in opposition to Plaintiff's Motions to Remand and the issue did not require a complex analysis on the part of the Magistrate Judge. Simply put, these cases present no "close question." *Castanon v. United Parcel Serv., Inc.*, 624 F. Supp. 3d 846, 856 (E.D. Mich. 2022) (quoting *Martin*, 546 U.S. at 141) (awarding attorney's fees). Thus, Plaintiff is presumptively entitled to "just" costs and expenses, to include attorney's fees, under § 1447(c).
>
> **The Magistrate Judge recommends against a fee award, however, citing the fact that the five Defendants "ostensibly" proceed pro se and are "of limited financial means."** Moreover, **"[t]he possibility that counsel [volunteer lawyer Felix Vinluan, Esq. of Felix Vinluan P.C.] and not the pro se Defendant[s] actually authored the improper Notice[s] of Removal adds an extra measure of difficulty to the determination of whether an award of fees is appropriate."** Plaintiff objects, arguing the Defendants' "purported and unsubstantiated claims of 'pro se' status and 'limited financial means' are [not] grounds for denying fees under § 1447(c)[.]"
> . . . .
>
> **The undersigned shares the Magistrate Judge's well-founded concern that Mr. Vinluan is "ghostwriting" for these five Defendants and "may have been the driving force behind the improper Notice[s] of Removal." If true, the Court encourages Defendants to explore whether they have recourse against him as to the forthcoming award of fees.**

*Id.* (Doc. 21 PAGEID 862–63, 864) (footnotes omitted) (emphases added). CFC's fee application (requesting an award of $37,463.00) remains pending. *Id.* (Docs. 23 and 33). Local attorney Clement Tsao entered an appearance on behalf of each of the five defendants and submits that the fee award should be reduced to no greater than $11,668.96. Id. (Docs. 30, 31). Mr. Tsao represents that he is serving as *pro bono*

---

[1] The other four cases are *HealthCare Facility Management LLC d/b/a CommuniCare Family of Companies v. Arman Candelaria*, No. 1:23-cv-00247 (S.D. Ohio Sept. 11, 2023) (Doc. 22), *HealthCare Facility Management LLC d/b/a CommuniCare Family of Companies v. Sherry May Vega*, No. 1:23-cv-00248 (S.D. Ohio Sept. 11, 2023) (Doc. 19), *HealthCare Facility Management LLC d/b/a CommuniCare Family of Companies v. Jeddalyn Ramos*, No. 1:23-cv-00249 (S.D. Ohio Sept. 11, 2023) (Doc. 18), and *HealthCare Facility Management LLC d/b/a CommuniCare Family of Companies v. Jeffrey Banayat*, No. 1:23-cv-00250 (S.D. Ohio Sept. 11, 2023) (Doc. 19).

counsel through the Asian American Legal Defense and Education Fund. *Id.* (Doc. 31 PAGEID 961).

**The instant motion.** New lead counsel explain that they represent nurses in class actions in other jurisdictions with similar claims. (Doc. 35 PAGEID 456). They ask (on Plaintiff's behalf) to withdraw the Second Amended Complaint tendered by Attorney Vinluan and, in its place, tender a different Second Amended Complaint "to more fully address" the issues Defendant raises in its pending Motion to Dismiss (Doc. 16). (Id.).

Defendant opposes, pointing out that Attorneys Shihab and Kellam "continue to represent Plaintiff and are silent as to why the papers previously filed during their involvement are insufficient." (Doc. 37 PAGEID 461 n.1). And, in any event, "courts in the Sixth Circuit and elsewhere have rejected similar requests to amend a complaint based solely on the introduction of new counsel to the case." (Id. PAGEID 461–62). Finally, Defendant points out that new lead counsel failed to consult with its counsel before filing the instant motion in violation of S.D. Ohio Civ. R. 7.3(b).[2] (Id. PAGEID 463).

In reply, new lead counsel "apologizes to the Court and to Defendant for not consulting with Defendant's counsel in advance of making this motion." (Doc. 38 PAGEID 465 ("While we note that our application is not a motion to amend, but instead is a motion for permission to file a new motion to amend, we acknowledge that it would have been the better course to confer in advance of the motion.")). And, on the merits, they cite *Windsor House, Inc. v. SimplexGrinnell LP*, No. 4:11CV1975, 2013 WL 789225, at *2

---

[2] S.D. Ohio Civ. R. 7.3(b) provides, in pertinent part, "A party filing any . . . type of motion to which other parties might reasonably be expected to give their consent (such as a motion to amend pleadings[ ] . . . ) shall comply with the procedure set forth in S.D. Ohio Civ. R. 7.3(a)." S.D. Ohio Civ. R. 7.3(a) requires counsel to "consult with all parties (except prisoners appearing *pro se*) whose interest might be affected by the granting of such relief and solicit their consent to the extension. The motion shall affirmatively state that such consultation has occurred or was attempted in good faith and shall state whether the motion is unopposed."

(N.D. Ohio Mar. 1, 2013) for the proposition, "Where a party has retained new counsel, courts have permitted new counsel to amend their client's pleadings to provide the client with the appropriate claims and defenses to properly litigate the case."

**Analysis.** The undersigned is mindful that the Court "should feely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[3] This standard must govern our predicate decision here.

Central to its decision to grant leave to amend in *Windsor House* was the fact that "[Defendant] substituted counsel to retain attorneys who have more experience litigating the type of claims at issue here for [Defendant]." 2013 WL 789225, at *2. The same can be said for Plaintiff Ariane Rose Villarin. As noted, new lead counsel represent nurses in class actions in other jurisdictions with similar claims. (Doc. 35 PAGEID 456). They have replaced an attorney seemingly responsible for five improper notices of removal (in related cases) and consequent awards of attorney fees that five of the putative class and collective action members will have to pay. And in this civil action, said attorney cited an outdated version of Rule 15 in his memorandum in support of the pending Motion (Doc. 28) for Leave that new lead counsel seek to withdraw. He also cited to "Rule 13(f)", which was abrogated in 2009. Fed. R. Civ. P. 13 (Advisory Committee Notes for 2009 Amendment ("Rule 13(f) is deleted as largely redundant and potentially misleading.")).

Defendant urges denial of Plaintiff's Motion (Doc. 35) for Leave to Withdraw "for lack of good cause shown[.]" (Doc. 37 PAGEID 463). "Good cause", however, is not the

---

[3] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

measure and another round of motion practice, while inconvenient, "does not rise to the level of prejudice that would warrant denial of leave to amend." *See Blue Fire Capital, LLC v. Pies & Pints Dev. Partners, LLC*, No. 2:20-cv-2982, 2020 WL 11886041, at *2 (S.D. Ohio Aug. 21, 2020) (quoting *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002)).

**Conclusion.** Plaintiff's Motion (Doc. 35) for Leave to Withdraw Her Pending Motion (Doc. 28) for Leave to File a Second Amended Complaint is hereby **GRANTED**. Plaintiff's Motion (Doc. 28) for Leave to File a Second Amended Complaint is **WITHDRAWN** and no longer pending before this Court. Plaintiff's Motion (Doc. 35) for Leave to File a New Motion for Leave to File a Second Amended Complaint is hereby **GRANTED**. Plaintiff shall file her new motion, with a proposed Second Amended Complaint attached, within 14 days of the date this Order is docketed. After review of Plaintiff's proposed pleading, Defendant, if it so chooses, may file a memorandum in opposition (and Plaintiff a reply) in accord with S.D. Ohio Civ. R. 7.2.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court