**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ARIANE ROSE VILLARIN, on behalf of herself and all others similarly situated, <br><br> *Plaintiff,* <br><br> *v.* <br><br> HEALTH CARE FACILITY MANAGEMENT, LLC d/b/a COMMUNICARE FAMILY OF COMPANIES, *et al.*, <br><br> *Defendants.* | Case No. 1:23-cv-00097-MRB |

**ORDER GRANTING FINAL SETTLEMENT APPROVAL UNDER FED. R. CIV. P. 23**
**JUDGMENT OF DISMISSAL WITH PREJUDICE**

Based on Plaintiff's Unopposed Motion for Final Approval, Class Certification, and Other Relief (Doc. 91), Plaintiff's Motion for Approval of Attorneys' Fees, Costs, and Settlement Administration Expenses (Doc. 94), the Final Fairness Hearing held on July 8, 2026, and good cause shown,

**IT IS HEREBY ORDERED:**

1. The Settlement Agreement, dated February 6, 2025, including its exhibits ("Settlement Agreement") (Doc. 88-4), and the definition of words and terms contained therein, are hereby incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (Doc. 89) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified (for settlement

1

purposes only) under Fed. R. Civ. P. 23 in this Court's Preliminary Approval Order:

> *All foreign-trained registered nurses sponsored by CommuniCare through the immigration process from February 17, 2013 through October 13, 2025.*

The following individuals are excluded from the Settlement Class: Jedkreisky Malabanan, Sherra May Vega, Mary Jhane Engnan, Jeddalyn Ramos, Jeffrey Banayat, and Arman Candelaria.

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between Class Counsel on behalf of Plaintiff and the Settlement Class and Defense Counsel on behalf of Defendants. The Court additionally finds that counsel for the Parties are experienced class action lawyers who vigorously asserted the positions of their respective clients.

4. The Court further finds and concludes that the notice and settlement award distribution procedures set forth in the Settlement Agreement fully satisfy Fed. R. Civ. P. 23, were the best procedures practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

5. The Court hereby finally approves the Settlement Agreement and the Settlement terms and conditions set forth therein, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with applicable law and directs its immediate consummation pursuant to its terms and conditions. Specifically, based on the submissions by the Parties with their Motions for Preliminary and Final Settlement Approval, the Court finds:

a.  That the Class Representative and Class Counsel have at all times adequately represented the class;

b.  That the Settlement is the product of extensive, arm's-length negotiations;

c.  That the Settlement provides adequate relief for the Class Members, taking into account: (1) the costs, risks, and delay of further litigation, trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Members' claims; and (3) the terms of any proposed award of attorneys' fees, including timing of payment; and

d.  That the Settlement treats Class Members equitably relative to each other.

6.  Additionally, the Court finds that the Settlement is fair, reasonable, and adequate based on: (a) the complexity and duration of the litigation; (b) the stage of the proceedings; (c) the risk of establishing liability; (d) the risk of establishing damages; (e) the risk of pursuing and maintaining a class action; (f) the reasonableness of the Settlement in light of the best recovery; (g) the range of reasonableness of the settlement in light of all the attendant risks of litigation; and (h) the reaction of the Class, as well as the absence of fraud or collusion, and the opinions of Class Counsel and the Class Representative.

7.  The Court approves Class Counsel's application for **$338,100** in attorneys' fees and out-of-pocket litigation expenses, **$15,000** as a Service Award to Plaintiff Ariane Rose Villarin, and **$12,000** to the Settlement Administrator. These amounts shall be paid from the Gross Settlement Amount. The Court finds that the requested attorneys' fees are in line with the Parties' Settlement Agreement, and are reasonable in light of: (a) the time and labor required, the novelty, complexity, difficulty of the questions involved, and the skill requisite to perform the legal service properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee, or

rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (d) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (e) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; (h) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation; and (i) Class Counsel's lodestar. The Court further finds that the costs and administrative expenses requested are in line with the Parties' Settlement Agreement and are reasonable and relevant to the litigation.

8.      The Court orders that all Settlement Class Members hereby release all claims released by the Settlement Agreement and that this Final Approval Order will operate as *res judicata* as to all claims released by the Settlement Agreement.

9.      The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

10.      Final approval is not affected by this case's nature as a "hybrid" between a Rule 23 *opt-out* class action and an FLSA *opt-in* collective action. *See Carmen v. Health Carousel, LLC*, No. 1:20-cv-313, 2025 WL 892586, at *14 (S.D. Ohio Mar. 24, 2025)

(Cole, J.).[1] "'The sole consequence of conditional certification[2] [of a FLSA collective]'— which is all this Court ventured to do in its preliminary approval order—'is the sending of court-approved written notice to employees.'"  *Id.* (quoting *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Genesis Healthcare Corp, v. Symczyk*, 569 U.S. 66, 75 (2013))).  The Settlement Agreement under review here settles *only* those claims brought under the Rule 23 class mechanism.[3]

11.    This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

12.    The Court orders that this Final Approval Order shall constitute a final Judgment that is binding on the Parties and the Settlement Class.

Dated: July 15, 2026                    /s/ *Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT

---

[1] Rule 23 class actions and FLSA collective actions "are two distinct procedural mechanisms."  *Carmen,* 2025 WL 892586, at *14 (citing *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023)).  One of the "many" differences is that "district courts are neither required nor authorized to review FLSA settlements."  *Id.* (citing *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 715–16, 721–22 (S.D. Ohio 2024) (Cole, J.)).

[2] "The term 'certification' has no place in FLSA actions."  *Clark*, 68 F.4th at 1009.  "[U]nder Rule 23, the district court certifies the action itself as a class action; whereas in an FLSA action, under [29 U.S.C.] § 216(b), the district court **simply adds parties to the suit**."  *Id.* (bold emphasis added).

[3] True, the Settlement Agreement includes a provision "enhancing the monetary award" for Class Members "who opt in to *releasing* their potential FLSA claims[.]"  *See Carmen*, 2025 WL 892586, at *14 (italics emphasis added).  "But that term doesn't transform a settlement pursued by a provisionally (and now finally) certified Rule 23 class into one earned by membership in a non-existent FLSA collective."  *Id.*